# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JACK KANANIAN, Executor of Estate of Harry Kananian, | CASE NO. 1:07 CV 3188 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | |
| BRAYTON PURCELL, LLP, et al., | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

This matter is before the Court on the Motion of Defendant Brayton Purcell, LLP for Summary Judgment (ECF #51) and the Joint Supplemental Motion for Summary Judgment of Defendants Christopher Andreas and Brayton Purcell, LLP. (ECF #81) Both motions have been fully briefed.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Jack Kananian, the Executor of the Estate of his father, Harry Kananian, filed this legal malpractice action against Defendants Brayton Purcell, LLP, a California law firm, Christopher E. Andreas, a former attorney of the Brayton Purcell firm, and Early, Ludwick and Sweeney, LLC, a Connecticut law firm.[1] Plaintiff's Complaint alleges that Defendants' negligent representation of Plaintiff and his father Harry Kananian in *Jack Kananian v. Lorillard Tobacco Company*, resulted in a forced settlement "for a sum which did not reflect the actual value of the claim." (Complaint, ¶¶ 8, 13).

---

[1] Early, Ludwick and Sweeney have been dismissed from this action.

Defendants move for summary judgment on the grounds that Plaintiff cannot establish a claim for legal malpractice because Plaintiff has failed to disclose the amount of the settlement in the underlying case.[2] Moreover, Defendants assert that in order to recover for legal malpractice, the Plaintiff must prove all of the elements of the underlying case. See *Environmental Network Corp., v. Goodman, Wess, and Miller, LLP*, 119 Ohio St.3d 209 (2008). As such, Defendants have asserted that Plaintiff has failed to timely identify experts sufficient to prove the underlying claim.

Plaintiff responds that he has provided probate court documents sufficient to prove the amount of the underlying settlement at trial. Further, Plaintiff has identified John Sivinski, Esq. as an expert on the issues of Defendants' breach of the standard of care and Plaintiff's resultant damages and have provided Defendants with Mr. Sivinski's report. Defendant Andreas has moved to bar the use of Mr. Sivinski's report and testimony because his expert report allegedly does not comply with Fed. R. Civ. P. 26(a)(2)(B).(ECF #68). Plaintiff has also identified two underlying expert witnesses as potential witnesses for trial, Dr. Cohen and Dr. Dodson. Doctors Cohen and Dodson were retained by Defendants on behalf of the Estate in the underlying action. They rendered opinions or performed analysis in the underlying case. The reports/declarations of Dr. Cohen and Dr. Dodson from the underlying action were submitted again to Defendants who certainly were aware of them from the underlying case. Plaintiff states that they will testify in this action "solely on all matters previously set forth in their respective underlying expert reports/declarations." Plaintiff asserts that neither Dr. Cohen nor Dr. Dodson were retained for

---

[2]Defendants lost their *pro hac vice* status in the underlying litigation as a result of their conduct. Plaintiff was forced to obtain replacement counsel who settled the action. Accordingly, Defendants claim that they do not know the amount of the settlement.

this case and will testify in this case under subpoena.

Defendants have moved to bar the use of the expert testimony of Dr. Cohen and Dr. Dodson on the grounds that Plaintiff failed to provide new expert reports from these doctors. (ECF #69)

In their reply brief in support of summary judgment, Defendants raised the issue that Plaintiff failed to proffer any medical expert testimony to support his theory that Plaintiff's Decedent died from mesothelioma stemming from the use of the underlying defendant's products. Plaintiff moves to strike this argument or grant leave to identify an additional medical expert from the underlying case to rebut the new line of argument.(ECF #70). Plaintiff intends to identify Dr. Samuel Hammer to satisfy the need for medical expert testimony. Dr. Hammer was retained by Defendants in the underlying action to opine that Harry Kananian died as a result of exposure to asbestos generally. He also allegedly opined in a supplemental report that Harry Kananian's death was caused in part by exposure to crocidolite asbestos from use of the underlying defendant's cigarette filters. Plaintiff claims that Dr. Hammer's underlying report, deposition testimony and conclusions are well known to Defendants. As in the case of Dr. Cohen and Dr. Dodson, Plaintiff intends to subpoena Dr. Hammer to provide testimony in this action rather than retain him as an exptert. Plaintiff has also moved for injunctive relief to preclude Defendant's agent, Alan Brayton or others, from contacting or directing potential fact or expert witnesses from the underlying action not to speak with Plaintiff's counsel. (ECF #70).

Defendants claim that Plaintiff has no medical expert to opine about causation because Dr. Hammer is not available to Plaintiff as he has been retained by Defendants in this case as "a non-testifying consulting witness to assist with trial preparation."

3

These motions are now fully briefed and ready for decision.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal

issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred with the Ninth Circuit that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'" *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). FED. R. CIV. P. 56(e) also has certain, more specific requirements:

> [Rule 56(e)] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley*, 20 F.3d at 225-26 (citations omitted). However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the

5

defect.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id.* at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## CONCLUSION

Based upon a thorough review of the briefs submitted by the Parties, genuine issues of material fact exist which make summary judgment inappropriate in this case. The evidence before the Court demonstrates the existence of factual disputes which may reasonably be resolved in favor of either party.

Moreover, with respect to the motions to exclude various experts, the Court notes that

there is no prejudice to Defendants if reports and testimony from the underlying case are introduced to satisfy Plaintiff's burden of proving the "case within the case" as Defendants are well aware of the contents of any such reports or testimony. The admissibility of the testimony of each witness, or report, or exhibit will be determined at trial. Accordingly, the motions to strike will be held in abeyance. (ECF #68 and #69).

The Motions for Summary Judgment filed by the Parties (ECF #s 51 and 81) are hereby DENIED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: January 20, 2010